CLARENCE SEELEY, Appellant, v. NEW YORK TELEPHONE COMPANY et al., Respondents.— Appeals from two orders of the Supreme Court, Essex County, changing the place of trial of an action from Essex County to Warren County. The complaint alleges that plaintiff was injured from a charge of electricity while using the defendant telephone company's telephone in the individual defendant's restaurant in Glens Falls. The venue was laid in Essex County where plaintiff lives. Both defendants moved to change the place of trial to Warren County for the convenience of material witnesses. Warren and Essex Counties adjoin; Lake George, the county seat of Warren, is ten miles from Glens Falls; Elizabethtown, the county seat of Essex is sixty miles farther away, in the same direction from Glens Falls. The testimony of some of the witnesses to be called by each party is described in insufficient detail to determine whether it will be material or not. As to these witnesses, it is said, for example, that they will testify " as to the physical condition of the plaintiff " or as " to statements made by the plaintiff ". No one could say whether these generalities describe material or immaterial testimony. There is, however, as to other witnesses residing in Glens Falls, a sufficiently detailed statement of the testimony they will give to have enabled the Special Term to say their testimony will be material and necessary to the moving defendants. That substantially all of the witnesses to be called are employed by one or the other of the defendants is not a ground to disregard their convenience entirely. The convenience of witnesses who are employed by a party is subordinated to the convenience of other witnesses; but where, as here, the party opposing the change of venue has no witness in the county he selects and the other party shows material witnesses in another county, consideration will be given to their convenience even though they are employees. The moving affidavits sufficiently comply with the rule in other respects. Other things being equal, a transitory action will usually be tried in the county where it arose. The county seats are only sixty miles apart on an improved highway, and the convenience of witnesses living in Glens Falls could not seriously be affected one way or another, but since the Special Term had the power on the proof before it to change the place of trial, the discretion involved in such a decision, when exercised on a foundation of sufficient proof, will ordinarily not be disturbed. This action should be tried with *Manley* v. *New York Tel. Co.* (277 App. Div. 601). Orders unanimously affirmed, without costs, and without prejudice to a motion to consolidate with *Manley* v. *New York Tel. Co. (supra)*. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.