RALPH VAN ETTEN, Appellant, v. NIAGARA MOHAWK POWER CORPORATION, Respondent. HARRY G. YERDON, Appellant, v. NIAGARA MOHAWK POWER CORPORATION, Respondent.— Appeal by plaintiffs from an order of the Supreme Court, entered in St. Lawrence County on March 12, 1955, granting defendant's motion to change the place of trial from St. Lawrence County to Jefferson County on the grounds that the convenience of witnesses and the ends of justice would be promoted by such change. The actions are in negligence and arise out of an automobile accident which occurred in Jefferson County. Defendant's moving papers set forth the names of five witnesses residing in Jefferson County, and adequately, though generally, indicate the materiality of their testimony. Plaintiffs give the names of no witnesses residing in St. Lawrence County. Three of defendant's witnesses are its employees, but this " is not a ground to disregard their convenience entirely." (*Seeley* v. *New York Tel. Co.*, 278 App. Div. 613). Since a preponderance of witnesses reside in Jefferson County and the accident happened there, it was a proper exercise of discretion to grant the motion. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.

RICHARD LITTLE, Respondent, v. NEALE O. MERRILL, Appellant.— Appeal from an order of the County Court, Albany County, denying the defendant's motion to open his default and to vacate the judgment entered against him. The action was instituted by the service of a summons. The defendant defaulted in appearance and the plaintiff procured the entry of a default judgment upon filing a verified complaint and presenting oral proof of the cause of action before the County Judge. The complaint alleged that the plaintiff had lent the defendant the sum of $900, to purchase an automobile and that the defendant had failed to repay any part of it. The affidavit of the defendant submitted upon the motion to open the default asserts that the defendant had communicated with the " office of the Attorney for the plaintiff " after service of the summons and had been told that he would receive further notice before any action was taken. This is denied by the affidavit of the plaintiff's attorney. As to the proposed defense to the action, the defendant claimed that the plaintiff had purchased the automobile himself and had made a gift of it to the defendant upon the understanding that the defendant would " drive the plaintiff to any place designated by the plaintiff, and whenever plaintiff desired, at hours other than · working hours of defendant ". The County Judge characterized the defense as one of a " bizarre nature " and expressed his belief that the defendant's statement that he had communicated with someone in the office of the plaintiff's attorney was " a palpable falsehood ". The Judge concluded that " this is one of the comparatively rare cases where the interest of justice would be better served by permitting the judgment to stand ". The opening of a default rests in the discretion of the court. We find no abuse of discretion in this case. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.