■ FRANK CHINDAMO, Appellant, v LONG ISLAND RAILROAD COMPANY, Respondent. JEROME CASTALDO, Appellant, v LONG ISLAND RAILROAD COMPANY, Respondent.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered July 5, 1990 in Action No. 2 ("Chindamo Action") of this consolidated appeal, granting defendant's motion, pursuant to CPLR 510 (3), to change venue of this personal injury action from New York County to Suffolk County for the convenience of witnesses, *inter alia,* unanimously affirmed without costs.

Order, Supreme Court, New York County (Francis N. Pecora, J.), entered September 12, 1990 in Action No. 3 ("Castaldo Action") of this consolidated appeal, granting defendant's motion, pursuant to CPLR 510 (3), for a change of venue from New York County to Nassau County for the convenience of witnesses, *inter alia,* unanimously affirmed without costs.

In the Chindamo Action plaintiff, a Suffolk County resident and employee of the defendant, commenced an action pursu-

ant to the Federal Employers' Liability Act (45 USC § 51 *et seq.*), seeking damages for personal injuries sustained while working at a site east of defendant's Central Islip Station in Suffolk County. Plaintiff's choice of venue in New York County was based upon the then existing recital in defendant's amended certificate of incorporation that defendant maintains its principal place of business in New York County *(see,* CPLR 505 [a]).

Chindamo argues that it was an improper exercise of discretion by the motion court to grant a change of venue pursuant to CPLR 510 (3) because defendant failed to demonstrate the availability of material non-party witnesses whose convenience would support such an order. This contention is without merit. Defendant's counsel, in his supporting affirmation, establishes that substantially all the witnesses to be called at trial—including an eyewitness to the accident, three witnesses pertaining to the chain-of-custody of the allegedly defective tool which caused plaintiff's injury and two treating medical physicians—either reside or have offices in Suffolk County, where the cause of action arose. That the foregoing witnesses are either employees of the defendant or non-liability witnesses is not a ground to disregard their convenience entirely, particularly where, as here, the movant has shown that one of the material witnesses actually resides in the county requested and, further, there appears to be no witness from the county selected by the party opposing the venue change. *(See, Seeley v New York Tel. Co.,* 278 App Div 613.)

Similar circumstances compel the same result in the Castaldo Action, where Nassau County is the location of plaintiff's two alleged accidents, as well as the area where most of the identified material witnesses reside. (Plaintiff himself, and two other witnesses, reside in Suffolk County.) For the same reasons, the exercise of discretion by the motion court should be sustained.

We are mindful that in our disposition of the appeal in the first action of this consolidated appeal *(Andreadis v Long Is. R. R. Co.,* 166 AD2d 338) we reversed the trial court's grant of a change of venue from New York County to Queens County pursuant to CPLR 510 (3) on the ground that no showing had there been made by defendant that the convenience of witnesses would be served by that change of venue. Nothing in that order is pertinent here. Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.