■ ELMHURST IRON WORKS, INC., Respondent, v. ALBERT ALFIERI GENERAL CONTRACTING CO., INC., Appellant.— In an action to recover for work, labor and services, defendant appeals from an order of the Supreme Court, Queens County, dated April 8, 1974, which denied its motion to vacate a default judgment and to permit it to interpose an answer to the complaint. Order reversed, without costs, and motion granted. The answer to the complaint

must be served within 20 days after service of a copy of the order to be entered hereon, with notice of entry. Vacatur of the default judgment should have been granted. After service of the summons, defendant's original counsel served a notice of appearance, but died before any complaint was served. Plaintiff instead served the complaint on defendant, after the breakdown of negotiations with defendant and an attorney, Mr. Kohn, who was disposing of the deceased attorney's cases. Kohn apparently dealt for defendant in settlement negotiations, but was never officially substituted as counsel. No complaint was served on Kohn, despite the fact that plaintiff maintains that he was recognized as counsel. Plaintiff did not serve any notice to appoint a new attorney pursuant to CPLR 321 (subd. [c]). That statute automatically stays legal proceedings, in cases where the attorney representing one of the parties dies, until 30 days after a notice to appoint a new attorney is served. We recognize a liberalizing trend in the application of an automatic stay of this statute (see 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 321.21, and cases cited therein), particularly where the party whose counsel is unavailable obtains new counsel and acts in a manner indicating a waiver of the notice required by CPLR 321 (subd. [c]). In the instant case, defendant allowed Mr. Kohn to negotiate for a settlement for some eight months prior to the service of the complaint. However, the liberal trend has thus far not extended to cases involving the death of an attorney and we do not choose to so extend it here. In part, our decision is based on the fact that, although plaintiff maintained there was a *de facto* substitution of counsel, that *de facto* counsel was never served with the complaint, as a duly appointed counsel would have been. Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.