Gordon M. Lipetz, J.
The defendant husband moves for a change of venue of this matrimonial action from Albany County to Suffolk County on the ground that the county designated is not a proper county and Suffolk County is the proper county. (CPLR 503 subd [a]; 507; 510.)
On August 7, 1974 the plaintiff left the marital residence at 21 Crawford Street, Smithtown, Suffolk County, taking a few belongings and two of the three children with her. The following day the defendant was served with a summons in an action for divorce brought in the Supreme Court, Albany County. On August 23, 1974 defendant served a notice of appearance together with a demand for a change of venue to Suffolk County pursuant to CPLR 511 (subd [b]). When the plaintiff failed to serve a written consent or an affidavit opposing the demand within five days, defendant properly brought on the present motion before this court. (CPLR 511, subd [b].)
Thereafter, plaintiff served her complaint, which demands judgment of divorce on the ground of cruelty and, along with other relief, granting her sole and exclusive occupancy of the marital residence in Smithtown, New York.
The opposing affidavit is devoid of any statement by plaintiff that she moved to Albany County with the intention of remaining there, which is a necessary element in establishing residence for the purpose of determining proper venue. (Hurley v Union Trust Co. of Rochester, 244 App Div 590, 593.) It is clear from her complaint, however, that she established only a temporary abode in Albany County and intended to return to Suffolk County to live in the marital residence when she instituted her action the day after arriving in Albany. No facts are presented from which the court might even infer "a bona fide intention to choose that locale for residence purposes, characterized by the element of permanency and an actual abiding there * * * with an intention of remaining.” (Bradley v Plaisted, 277 App Div 620, 622.)
Certainly the renting of living quarters in Albany the day before instituting this action did not make the plaintiff a resident of Albany County. (Oelkers v Hulseberg, 200 Misc 352.) A temporary residence for the sole purpose of obtaining an advantageous venue for a lawsuit should not be considered a residence as the basis of proper venue. (2 Weinstein-KornMiller, NY Civ Prac, par 503.02.) Moreover, since the marital residence is located in Suffolk County and plaintiff demands *231 judgment granting her exclusive possession thereof, CPLR 507 mandates that the place of trial "shall be in the county in which any part of the subject of the action is situated.”
Accordingly, the motion is granted.