■ ANGELINA T. DELENO, Respondent, v BENJAMIN J. DELENO, Appellant.—In a matrimonial action, the defendant appeals: (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated March 24, 1977, as made provisions for alimony and child support and directed the sale of a certain parcel of property located in Dutchess County and provided for a distribution of the proceeds of such sale equally between the parties; and (2) from a further order of the same court, dated August 30, 1977, which allowed the plaintiff a counsel fee and certain printing expenses. Order dated March 24, 1977 modified, on the law, by deleting the final decretal paragraph therefrom. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Order dated August 30, 1977 affirmed, without costs or disbursements. The evidence before the trial court was to the effect that the defendant had owned a parcel of land in Dutchess County for over 20 years, that he had a deed prepared making his wife a joint owner thereof with himself, that he had showed her a photostat of such deed, that she thereafter commenced the instant action for divorce, that the defendant then changed his mind and destroyed the deed and that he made a gift of the property to his sister, charging her the sum of one dollar therefor. It also appeared that the plaintiff had commenced an action in Dutchess County against the defendant seeking remuneration for the property, which action was pending at the time of the hearing herein. It appears that no prayer for relief by the plaintiff with regard to the Dutchess County property was before the trial court and that no issue concerning the property was actually before that court. Nevertheless, in determining the issues of support and custody, the trial court also directed that the property in question be sold and that the proceeds of such sale be divided equally between the parties. We believe this was error for the following reasons: (1) the controversy between the parties as to the property in question was already the subject of another pending action; (2) the proper venue of such action, which sought to affect title to or possession of real property was Dutchess County (see CPLR 507) and the issue with respect to title or possession was not raised here in a manner contemplated by section 234 of the Domestic Relations Law; (3) no waiver of any objection to the forum was effected by the husband's failure to object on such ground before the trial court as he apparently had no notice that such a disposition would be made

until that court rendered its decision; and (4) the husband's sister is a necessary party to any action concerning title to the Dutchess County property. We have considered the other points raised by defendant and find them to be without merit. Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.