OPINION OF THE COURT
John S. Lockman, J.
Motion by defendant for a change of venue is denied. (Cf. Deleno v Deleno, 61 AD2d 788.)
Plaintiff commenced this action in February of 1981 and designated Kings County as the place of trial. Defendant argues that since the action is governed by the so-called equitable distribution law and will necessarily involve title to the marital residence, venue should properly be in Nassau County where the residence is located. (See, generally, CPLR 507.) Since the enactment of section 234 of the Domestic Relations Law in 1962, the court in a matrimonial action has had the power to render decisions affecting title to real property. If such actions had to be brought in the county where the real property was located, the provision of section 234 of the Domestic Relations Law requiring that any judgment, order or decree affecting title to real property be recorded in the county where the property is located would appear anomalous. Moreover, many matrimonial actions under the equitable distribution law are likely to involve title to real property located in different counties. The further ground for a change of venue, the convenience of the four marital issue whom defendant claims she intends to call as witnesses, is equally lacking in merit.