OPINION OF THE COURT
Edmund L. Shea, J.
This is an action for divorce which was commenced by plaintiff wife in Westchester County. Defendant husband, as a resident of Schoharie County, timely demanded a change of venue to Schoharie County, and plaintiff has not so consented. This motion for an order changing venue ensued.
It appears that the parties resided as husband and wife in a jointly owned residence in Schoharie County from 1971 until February 1984. At that time, plaintiff removed herself from the marital residence and established residence in Westchester County. She alleges and it is not controverted that she is an *1095 actual resident of Westchester County, is employed there, that the parties’ children reside there with her, and that by virtue of her residence she may sue in Westchester County. (CPLR 503.) There being no evidence to refute the residency of the plaintiff, the defendant is not entitled to relief pursuant to CPLR 510 (1), since the county designated is a “proper” county.
Defendant urges, however, that venue should be changed pursuant to the grounds enumerated in CPLR 510 (3) in that the convenience of material witnesses and the ends of justice will be promoted. Although it is alleged that all of the allegations, will require witnesses residing in or “from the general vicinity of” Schoharie County, defendant fails to provide affidavits setting forth in detail who the alleged witnesses are, what he expects to prove by them, and that he cannot proceed to trial without them. (Hurlbut v Whalen, 58 AD2d 311 [4th Dept 1977]; cf. Siegel, NY Prac § 124, at 153 [1978].) Failure to do so requires the court to deny the motion. This deficiency is not cured by defendant’s reference to potential witnesses named in plaintiff’s complaint. Certainly she is under no obligation to call these witnesses, and the complaint does not detail potential testimony.
Finally, defendant argues that since the title to or possession of real property is in issue that CPLR 507 mandates that the action be venued in the county in which the realty is situated. Reliance upon National Biochemical Corp. v Hudson-Michael Realty (74 Misc 2d 628 [Sup Ct, Kings County 1973]) is unfounded. That case based its decision to change venue on the convenience of witnesses and the interests of justice referring to the situs of the real property as merely one factor to be considered.
Defendant does cite Turner v Turner (84 Misc 2d 229 [Sup Ct, Suffolk County 1974]), which held that since the plaintiff in an action for divorce demanded judgment granting her exclusive possession of a marital residence that CPLR 507 “mandates” trial in the county of that residence. There is further support for this position in Deleno v Deleno (61 AD2d 788 [2d Dept 1978]). Although there was no prayer for relief before the divorce court concerning the marital residence in another county, that court directed the sale of the property. The Appellate Division, Second Department, ruled this error since there was another prior action pending concerning the property and that the proper county of venue was the county in which the property was situated, citing CPLR 507.
There is, however, precedent for allowing a matrimonial action to be tried in a county other than where the matrimonial *1096 residence is found. (Orsano v Orsano, 108 Misc 2d 880 [Sup Ct, Nassau County 1981].) Justice Lockman, acknowledging section 507, stated: “Since the enactment of [Domestic Relations Law § 234] in 1962, the court in a matrimonial action has had the power to render decisions affecting title to real property. If such actions had to be brought in the county where the real property was located, the provision of [Domestic Relations Law § 234] requiring that any judgment, order or decree affecting title to real property be recorded in the county where the property is located would appear anomalous. Moreover, many matrimonial actions under the equitable distribution law are likely to involve title to real property located in different counties.” (Supra, at p 880.)
This court is of the opinion that the venue of a matrimonial action should not be controlled solely by the situs of a marital residence when other factors are present to justify venue in another “proper” county. It has been said that even though CPLR 507 is couched in mandatory terms, it should not be entitled to absolute application and that the court can look to the subject matter of the lawsuit, the identity of the parties, the convenience of witnesses and the interests of justice. (Town of Hempstead v City of New York, 88 Misc 2d 366 [Sup Ct, Nassau County 1976].)
Thus in the Turner case (supra), the situs of the realty was but one factor considered and it was plaintiff’s attempt to venue the action in a county with which she had almost no ties, having arrived in the county only the day prior to the commencement of her action, that was dispositive. Similarly, the Deleno court (supra) placed as much emphasis on the fact that title to the property was already the subject of a lawsuit as it did on the venue issue.
Today’s matrimonial actions must concern themselves with issues other than real property (Domestic Relations Law § 236 [B] [5]), and those issues might have little or no contact with the county of the marital home. To blindly follow the language of CPLR 507 could conceivably lead to the situation where one party to a matrimonial action properly venued in Suffolk County wherein the parties and children reside and where all ancillary issues are property venued, could force a change of venue to St. Lawrence County because of the need to determine title to a jointly owned vacation home on the St. Lawrence River.
It is therefore the decision of this court that the motion of the defendant here for a change of venue be, in all respects, denied.