■ CATHERINE B. CHRISTIAN, Respondent, v DAVID F. BROWN, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 18, 1988 in Essex County, which denied defendant's motion to change venue.

The issue here is whether Supreme Court correctly held that Essex County is the appropriate county of venue. Plaintiff sued defendant in Essex County pursuant to a separation agreement executed by them on October 1, 1986 and incorporated but not merged into a final decree of divorce entered November 20, 1986 in Essex County. Plaintiff seeks enforcement of the terms of the marital agreement, namely, to have defendant (1) execute a real estate listing agreement for the sale of the marital property, (2) pay $1,400 for rental moneys due plaintiff from defendant's use of the marital property together with interest due thereon from January 1, 1988 plus any other rental accruing during the course of the action, (3) pay child support in the sum of $100 a week per child, and (4) execute documents to effectuate his waiver of dependency exemption as to the children for 1986, 1987 and in the future.

It is defendant's contention that plaintiff's action seeks a judgment affecting the title, possession, use or enjoyment of real property located in the City of Glen Cove, Nassau County,

owned by the parties as tenants in common. He therefore urges that, pursuant to CPLR 507, Nassau County is the proper place of trial.

When there is a conflict of provisions relating to venue because of joinder of claims or parties, the court may designate the place of trial which is proper under CPLR article 5 as to at least one of the parties or claims (CPLR 502). Generally, the place of trial is the county in which one of the parties resided when it was commenced (see, CPLR 503). Real property actions affecting title to or possession, use or enjoyment of real property are to be brought in the county where the real property is located (see, CPLR 507). In resolving the conflict between the respective sections, Supreme Court properly found the underlying action to be transitory for purposes of venue, in that it was an action for the enforcement of a separation agreement executed by the parties and later incorporated in the marital decree but not merged therein (see, Madden v Madden, 78 AD2d 874; Suddin v Lynbrook Gardens Co., 127 Misc 2d 406; Suchy v Suchy, 126 Misc 2d 1094). The action was thus properly brought in Essex County, where the marital action had been heard and where plaintiff resides.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.