■ VIVIAN B. CARDER, Respondent, v DEBBIE RAMOS, Individually and as Personal Representative of the Estate of JOHN TALARICO, Deceased, et al., Defendants, and SOPHIE ZUCCO, Appellant.—Harvey, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (Jiudice, J.), entered November 29, 1988 in Dutchess County, upon a decision of the court, without a jury, in favor of plaintiff, and (2) from an order of said court, entered October 26, 1989 in Dutchess County, which denied defendant Sophie Zucco's motion to, *inter alia,* set aside the judgment.

This is an action for specific performance of a contract to purchase property originally owned by decedent, John Talarico, located in the Town of Ghent, Columbia County. Plaintiff and defendant Sophie Zucco are two of decedent's daughters. The action arises out of a number of complications in the probate of Talarico's will and disposition of his property. The facts need not be stated except to recognize that many factual and legal issues had to be resolved in the trial of the specific performance action.

Following joinder of issue, defendant Debbie Ramos and Zucco made an unsuccessful motion to change the venue of the case from Dutchess County to Columbia County, where the subject property is located. While the motion was pending, Zucco's attorney died on May 26, 1988. Thereafter, Zucco attempted to obtain new counsel but was initially unsuccessful, which resulted in her appearing before Supreme Court on November 1, 1988 for the scheduled trial without legal representation. Zucco advised the court that she needed an opportunity to obtain counsel and the court told her that it would grant an adjournment if she could obtain an attorney in a day or two. When Zucco could not make this promise, the nonjury trial proceeded with plaintiff and Zucco as the only witness-

es.* At the close of trial, the court rendered a judgment dismissing all of Zucco's counterclaims and granting plaintiff specific performance. Zucco appealed this judgment as well as the order entered upon the denial of her posttrial motion to set aside the judgment or grant a new trial.

Initially, Zucco contends that Supreme Court erred when it refused to adjourn the trial for a reasonable time until she obtained counsel. Zucco argues that she should not have been compelled to proceed to trial when she was unrepresented by counsel because the instant case was complicated and involved complex questions of both fact and law. We must agree with these contentions. The law is settled that, under CPLR 321 (c), if an attorney dies before judgment, there is an automatic stay in the action until 30 days after notice is served upon the client to substitute attorneys. "Thus, if [a] defendant's lawyer dies, the appropriate procedure is for the plaintiff's lawyer to serve a demand upon the defendant to substitute counsel" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C321:3, at 537).

In the case at bar, a review of the record does not indicate that plaintiff had served a notice to appoint a new attorney pursuant to CPLR 321 (c) upon Zucco *(see, Elmhurst Iron Works v Alfieri Gen. Contr. Co.,* 45 AD2d 971, 972), although plaintiff's counsel was apparently aware of the death of Zucco's counsel. Moreover, there was no evidence in the record that any one had been recognized as Zucco's new counsel or treated as such *(see, supra).*

While it is true that "[t]he decision whether to grant an adjournment is ordinarily committed to the sound discretion of the trial court" *(People v Spears,* 64 NY2d 698, 699) and courts have the power to alter a CPLR 321 (c) stay in the interest of justice (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C321:3, at 536-537), the record before us provides an insufficient basis to justify either denying the adjournment or altering a stay. Here, Supreme Court's primary reason for denying Zucco's request to adjourn the trial date for more than a few days appears to have been its concern for its control of the court's calendar. It appears axiomatic, however, that in cases such as the instant one "where the issues are hotly contested" *(Saborio v Saborio,* 147 AD2d 468, 470), a party should have a fair opportunity to present his or her side with full benefit of

---

* None of the other defendants appeared in the action apparently because of a settlement stipulation entered into between plaintiff and Ramos.

counsel *(see, supra)*. It was unfair to expect Zucco to retain counsel in a few days when she had not been accorded the 30-day notice from plaintiff provided for in CPLR 321 (c).

Although the necessity of granting Zucco a new trial with benefit of counsel renders academic the majority of the remaining issues raised herein, one that should be addressed is Zucco's contention that Supreme Court erred in denying her motion for change of venue to Columbia County. Plaintiff maintains, however, that this issue should not be addressed because Zucco never appealed from the order denying the motion. Nonetheless, while plaintiff's view would normally prevail, in this case it must be remembered that Zucco's attorney died while the motion was pending which effectively stayed the action with respect to Zucco.

Accordingly, we choose to review this issue and conclude that venue should have been changed in accordance with Zucco's request. CPLR 507 clearly states that: "The place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated." *(See, Christian v Brown,* 151 AD2d 906, 907; *Slutsky v Roc-Le Triomphe Assocs.,* 129 AD2d 879, 880; *Forde v Forde,* 53 AD2d 779, 780.) Because the property in dispute is unquestionably in Columbia County and the case must be set down for a new trial in any event, the matter should be transferred to that locale.

Judgment and order reversed, on the law, with costs to abide the event, and matter remitted to the Supreme Court, Columbia County, for a new trial. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.