■ HARRISON LILLY, Respondent, v TONY AYOUB et al., Appellant. [689 NYS2d 57] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered January 15, 1998, which, upon reargument, adhered to a prior determination denying defendants' request to change venue as of right, unanimously affirmed, without costs.

Although plaintiff expressed disappointment over his transfer to a Bronx County nursing home for convalescence after his accident and a desire to return to Westchester County where he had been living until the accident, the fact remains that subsequent to the transfer and at the time he commenced this action, plaintiff was a resident of the Bronx. He maintained no other address or residence during the period in question and filed a change of address form with the Post Office designating the nursing home as his mailing address. Since there is no evidence that plaintiff's Bronx residency was contrived for the sole purpose of obtaining an advantageous venue (*cf., Turner. v Turner*, 84 Misc 2d 229; *see*, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 503.02), the motion court properly concluded that plaintiff was a bona fide Bronx resident at the time he commenced this action and that, as a Bronx resident, he was entitled to place his action in the Bronx (*see*, CPLR 503 [a]; *see also, Dobbs v Dobbs*, 186 AD2d 455). Concur—Williams, J. P., Rubin, Mazzarelli, Saxe and Friedman, JJ.