PASSMORE BLAKE et al., Respondents, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY et al., Appellants, et al., Defendants. (And Other Actions.) [803 NYS2d 8]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered September 24, 2004, which denied defendants-appellants' motion to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.

The action, which arises out of a construction accident that occurred in New York County, was commenced in Bronx County on August 11, 1999. On July 20, 1999, plaintiffs, who are husband and wife and had resided in a Bronx County apartment for years, took title to a house in Westchester County. There is no dispute that plaintiffs continued to live only in the Bronx apartment while their new house was being painted, repaired and furnished, and did not move until the end of August. We reject defendants' argument that because plaintiffs did not intend to remain in the Bronx apartment for some length of time or with some degree of permanency at the time of the commencement of the action, Bronx County is not a proper venue. Absent evidence that plaintiffs continued to live in the Bronx apartment until after the commencement of the action for the sole purpose of obtaining an advantageous venue, no basis exists to disturb the motion court's finding, made after a hearing, that plaintiffs were bona fide Bronx County residents at the commencement of the action (*see Lilly v Ayoub,* 260 AD2d 302 [1999]). Concur—Saxe, J.P., Marlow, Williams, Sweeny and Catterson, JJ.