■ JOANN NUNEZ, Appellant, v ELLENVILLE COMMUNITY HOSPITAL et al., Respondents. [839 NYS2d 49]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about January 9, 2006, which, in an action for medical malpractice, inter alia, granted defendants' motions for a change of venue from Bronx County to Ulster County, unanimously reversed, on the facts, without costs, defendants' motions denied and the action retained in Bronx County.

The court erred in finding that plaintiff was not a resident of Bronx County at the time the action was commenced (CPLR 503 [a]). The evidence established that plaintiff was a Bronx resident for most of her life. At the time of the commencement of the action, plaintiff had been living in the apartment of a friend on the understanding that she could stay there for as

long as she needed to get her life back in order. The inference is inescapable that plaintiff's residency in the friend's apartment was not contrived for the sole purpose of obtaining an advantageous venue (*compare Lilly v Ayoub*, 260 AD2d 302 [1999], *with Neu v St. John's Episcopal Hosp.*, 27 AD3d 538 [2006]). Concur—Andrias, J.P., Friedman, Sweeny, McGuire and Kavanagh, JJ.