MARISOL ECHEVARRIA, Individually and as Administratrix of the Estate of DAVID BARRIERA, Deceased, Respondent, v ROBIN SADKER, M.D., et al., Defendants, and BETH ISRAEL MEDICAL CENTER, Appellant. [967 NYS2d 12]—

Amended order, Supreme Court, Bronx County (Stanley B. Green, J.), entered June 7, 2012, which, after a hearing, denied defendant Beth Israel Medical Center's motion to change venue from Bronx County to New York County, unanimously affirmed, without costs.

In opposition to defendant's prima facie showing that plaintiff resided in Orange County, based, inter alia, on her verified answer in another action, plaintiff raised issues of fact warranting a hearing by submitting a detailed affidavit explaining that, after her husband died in November 2009, she went to live with her sister and brother-in-law in Orange County, and that since January 2010, when she returned to work in New York County, she had also resided on weekdays in an apartment they maintained in Bronx County, so that she would have a shorter commute to work. In addition, plaintiff submitted supporting affidavits from her roommate and her sister and brother-in-law, and some documentation. The record also contains plaintiff's verified petition for issuance of letters of administration, which lists the Bronx County address as her residence. Since a party may have two residences for venue purposes (*see* CPLR 503 [a]), and plaintiff's submissions raised factual issues dependent on credibility determinations as to her claimed residence in the Bronx, the motion court properly held a hearing on the issue (*see Collins v Glenwood Mgt. Corp.*, 25 AD3d 447 [1st Dept 2006]).

We find no basis for disturbing the court's finding, made after the hearing, that plaintiff was a bona fide Bronx County resident when she commenced this action (*see Blake v Massachusetts Mut. Life Ins. Co.*, 22 AD3d 230 [1st Dept 2005]). Concur—Mazzarelli, J.P., Sweeny, Freedman and Gische, JJ.