"Margaret Doe" v Bloomberg L.P. (2023 NY Slip Op 00027)

"Margaret Doe" v Bloomberg L.P.

2023 NY Slip Op 00027

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 28254/16 Appeal No. 17037 Case No. 2022-00248 

[*1]"Margaret Doe," Plaintiff-Respondent,
v
Bloomberg L.P., Defendant-Appellant, Michael Bloomberg et al., Defendants.

Proskauer Rose LLP, New York (Elise M. Bloom of counsel), for appellant.
Law Office of Niall MacGiollabhui, New York (Niall MacGiollabhui of counsel), for respondent.

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered December 6, 2021, which denied defendant Bloomberg L.P.'s motion to change venue pursuant to CPLR 503, 510 and 511, unanimously affirmed, with costs.
The motion court properly found that plaintiff was a resident of Bronx County at the time the action was commenced (CPLR 503[a]). Defendants moved for a change of venue. The court granted it to the extent of scheduling a framed issue hearing on the issue of plaintiff's residency. The motion court correctly held that defendants had the burden to show that plaintiff's choice of venue was improper. Defendants presented plaintiff as their sole witness and the parties submitted various documents into evidence. The evidence established plaintiff's bona fide intent to remain in the Bronx with some degree of permanency even though she had only begun searching for an apartment there two months before commencing the action, and moved into the apartment two weeks before commencing the action (Dobbs v Dobbs , 186 AD2d 455, 456 [1st Dept 1992]). Plaintiff testified that she moved because she felt isolated in New Jersey and wanted to be closer to her doctors located in New York. In addition, she submitted into evidence a change of address with the post office, her utility usage bill, a U-haul receipt of the move, a receipt for food she ordered to her apartment in the Bronx before commencement of the action, and receipts for in-person purchases in the Bronx. Although defendant points to charges made at plaintiff's pharmacy in New Jersey in the days leading up to commencement of the action, plaintiff explained in an affidavit and at the hearing that her significant other at the time would routinely pick them up and pay with her card.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023