Orellana v 115 Enters. Group LLC (2024 NY Slip Op 05311)

Orellana v 115 Enters. Group LLC

2024 NY Slip Op 05311

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 34897/20 Appeal No. 2923 Case No. 2024-01005 

[*1]Julio C. Orellana, Plaintiff-Respondent,
v
115 Enterprises Group LLC, et al., Defendants-Appellants, JL Works, INC., et al., Defendants, [And a Third-Party Action]

Farber Schneider Ferrari LLP, New York (Daniel J. Schneider of counsel), for appellants.
Zlotolow & Associates, P.C., Melville (Jason S. Firestein of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about December 11, 2023, which, after a framed issue hearing, denied defendants 115 Enterprises Group LLC and M&K Enterprises Group Ltd.'s motion for a change of venue to New York County, unanimously affirmed, without costs.
Defendants met their initial burden of showing that the county designated by plaintiff was improper by submitting documents, including plaintiff's tax returns, showing that plaintiff used his Queens County address in 2019 and 2020 (see Appleyard v First Prestige Props., Inc. 199 AD3d 402 [1st Dept 2021]). However, after plaintiff submitted documents showing that he used the Bronx address during the relevant years, the motion court properly directed a hearing to evaluate credibility and resolve the factual issue raised by plaintiff's submissions (see Rivera v Jensen, 307 AD2d 229, 230 [1st Dept 2003]).
There is no basis for disturbing the court's findings, made after the hearing, that plaintiff changed his residence from Queens County to Bronx County over a year before he commenced this action in 2020 (see Echevarria v Sadker, 106 AD3d 567 [1st Dept 2013]; Blake v Massachusetts Mut. Life Ins. Co., 22 AD3d 230, 231 [1st Dept 2005]).
At the hearing, plaintiff testified that he had been living in a relative's apartment in the Bronx for over a year before the commencement of the action, and submitted supporting documentary evidence, including a notice of action sent by the federal government in relation to his application for naturalization and automobile insurance cards, which showed that he had used the Bronx address and received mail there for two years (see Rivera v Jensen, 307 AD2d at 230). This evidence, which Supreme Court credited, supports the finding that plaintiff resided in the Bronx and had a bona fide intent to remain in the Bronx with some degree of permanency (see "Margaret Doe" v Bloomberg L.P., 212 AD3d 405, 406 [1st Dept 2023]).
Contrary to defendants' contention, the doctrine of tax estoppel did not prevent the court from receiving into evidence documents showing that plaintiff resided in Bronx County at the relevant time and did not notice that his long-time accountant had mistakenly continued to use his Queens address on his tax returns. Plaintiff did not obtain any tax advantage by using his Queens address, rather than his Bronx address, on the tax returns. Under these circumstances, the doctrine of estoppel, which is "imposed by the law in the interest of fairness" to prevent "fraud or injustice," does not preclude plaintiff from seeking to prove that he actually had a Bronx residence (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 106-107 [2006] [internal quotation marks omitted]; see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; PH-105 Realty Corp v Elayaan, 183 AD3d 492, 492-493 [1st Dept 2020]). Nothing indicates that plaintiff's residency was contrived for the sole purpose of obtaining an [*2]advantageous venue (see Nunez v Ellenville Community. Hosp., 41 AD3d 293, 294 [1st Dept 2007]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024