■ BENJAMIN HAMMERMAN et al., Copartners Doing Business as HAMMERMAN BROS., Respondents, v. LOUIS WATCH CO., INC., Appellant.— Appeal

from an order of the Supreme Court, Sullivan County, denying defendant's motion for leave to renew upon additional papers its motion to change the venue from Sullivan to New York County. Such a motion is properly appealable (*Matter of Long Is. Lacquer Co.*, 3 A D 2d 666). The plaintiffs make watches under the name of Louis Pierre and the defendant under the name of Louis. The plaintiffs brought this action seeking an injunction against the defendant to prevent it from further conveying the impression that the plaintiffs were infringing on the name or any property rights of the defendant and for damages. The defendant denied same and counterclaimed for injunctive relief to restrain the plaintiffs from infringing on its registered trade-mark and for damages. The defendant demanded that the place of trial be changed to New York County and upon plaintiffs' refusal a motion was made for such relief. This motion was denied by MACAFFER, J., on the basis of the insufficiency of the moving affidavit. Pursuant to section 182 of the Civil Practice Act an action, with certain exceptions not applicable here, must be tried in the county where one of the parties resided at the commencement of the action. It also provides that a person having a residence in more than one county shall be deemed a resident of either. One of the grounds for the defendant's motion for a change of venue is that none of the plaintiffs are bona fide residents of Sullivan County. In the affidavit, in support of the motion, made by the defendant's president it is stated that plaintiffs all reside with their families in New York City and that the address which the plaintiffs give at Kiamesha Lake is not their true residence. Further that the plaintiffs only have a jewelry concession at a hotel at Kiamesha Lake and that they only occasionally make business visits there at which times they stay overnight. In the opposing affidavit of Benjamin Hammerman it is stated that the plaintiffs actually reside at Kiamesha Lake where they maintain a residence although it is admitted that they also have a place of business and residence outside of Sullivan County. A supporting affidavit was filed by one Irving Cohen, stating that he let premises "upon an all year basis to the plaintiffs who reside therein, occupy the same and actually sleep therein, in connection with the operation of their business". Although it is true that a person may have more than one residence for venue purposes, to consider a place as such, he must stay there for some length of time and have the bona fide intent to retain the place as a residence with at least some degree of permanency (*Hurley* v. *Union Trust Co. of Rochester*, 244 App. Div. 590; *Bradley* v. *Plaisted*, 277 App. Div. 620). The mere assertion by plaintiffs that they reside at Kiamesha Lake where they have a place of business is not sufficient. It is apparent from the affidavits that the plaintiffs only visit Kiamesha Lake occasionally on business. Residence requires more stability than occasional stopovers at a hotel (*Oelkers* v. *Hulseberg*, 200 Misc. 352, affd. 279 App. Div. 669), and the mere fact that the plaintiffs rent premises on a year round basis where they sleep while there on business, in our view, does not establish a residence. The defendant also asked for a change of venue based on the convenience of witnesses. The affidavits set forth the names of two disinterested witnesses, Herman Spar, vice-president of Saks Fifth Avenue and Adele Sher, an employee of International Dial Co., Inc., who reside in New York City and will be called to testify. The nature of their testimony is stated plus the assertion that it is necessary and material. The complaint alleged that the defendant had wrongfully induced department stores and companies to cancel agreements with the plaintiffs. Regardless of whether the plaintiffs wish to call any of the employees of these companies the defendant can certainly do so and their testimony will be material and necessary. The plaintiffs also state that the convenience of the defendant's president and its patent attorney

is not entitled to consideration. However, it has been held that when: "the party opposing the change of venue has no witness in the county he selects and the other party shows material witnesses in another county, consideration will be given to their convenience even though they are employees." (*Seeley* v. *New York Tel. Co.*, 278 App. Div. 613.) The plaintiffs state the only witnesses they will call are themselves and they do not deny that they have residences in New York City where their main place of business is. In the case of a transitory cause of action consideration is given to the place where it arose and it is apparent here that the transactions in connection with the alleged cause of action took place in New York City. It is apparent that the convenience of the witnesses and the ends of justice will best be served by the trial being held in New York County. Order denying defendant's motion for leave to renew upon additional papers its motion to change the venue reversed and the motion is granted, with $10 costs. The venue of the action is changed from Sullivan County to New York County. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.