■ JACQUES J. KATZ, Respondent, v CARL M. SIROTY, Appellant.—In an action, *inter alia,* to recover the value of legal services rendered, defendant appeals from an order of the Supreme Court, Kings County, dated September 10, 1976, which denied his motion to change the venue of the action from Kings County to Westchester County. Action remitted to Special Term to hear and report on the question of plaintiff's residence and appeal held in abeyance in the interim. In our opinion the question of whether plaintiff-respondent has a bona fide residence in Kings County, in addition to his unquestioned residence in Westchester County, is a factual one which cannot be resolved on the papers submitted on this motion. The statement by plaintiff that "I also maintain a residence at 941 East 23rd Street in Brooklyn, Kings County, New York and have so maintained such residence without interruption for upwards of thirty years", etc., is conclusory and self-serving. Whether plaintiff stays at the Kings County address for some length of time and has the bona fide intent to retain the place as a residence with some degree of permanence, or merely uses it as a stopover for convenience, are some of the questions which are unanswered herein (cf. *Hammerman v Louis Watch Co.,* 7 AD2d 817, 818; *Fromkin v Loehmann's Hewlett,* 16 Misc 2d 117, 118). Accordingly, the action is remitted to Special Term for a hearing, at which, testimony and other evidence may be adduced on plaintiff's claim that he has a second residence in Kings County (see *Fromkin v Loehmann's Hewlett, supra).* Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.