■ KARIN L. SIEGFRIED, Respondent, v PETER C. SIEGFRIED, Appellant. — In a matrimonial action, defendant appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated January 27, 1983, which denied his motion, *inter alia*, to change venue of the action from Nassau County to Westchester County. Order reversed, with costs, and defendant's motion granted to the extent of changing venue from Nassau County to Westchester County. On or about July 22, 1982 a summons and complaint were served in this action for divorce. Prior to the time of such service plaintiff had returned to Nassau County from her home in Colorado to speak with her attorney regarding the commencement of this suit. Plaintiff thereafter returned to Colorado. On or about June 10, 1982 plaintiff made another trip to New York and on June 11, 1982 entered into an oral agreement to rent a room in Nassau County. Plaintiff again returned to Colorado with her children, on or about June 29, 1982, allegedly on vacation. Plaintiff returned to New York on July 27, 1982 and has remained in New York since that time. The issue here is the *bona fides* of the Nassau County residence established by plaintiff. Special Term found plaintiff's residence "sufficiently real and permanent" for venue purposes. In so holding the court noted that "[a]lthough the date of service is the focal point * * * plaintiff has since acquired such indicia of residence as bank accounts, voting registration, a library card and employment in this state." Special Term should not have considered these additional factors inasmuch as they came about subsequent to the commencement of the action. CPLR 503 (subd [a]) provides in pertinent part that "the place of trial shall be in the county in which one of the parties resided *when it was commenced*" (emphasis supplied). As to plaintiff's renting of the room and her statements at the hearing regarding her intent to remain, we find these factors insufficient to support a finding that she was a resident of Nassau County. Although a person may have more than one residence for venue purposes (*Hurley v Union Trust Co. of Rochester*, 244 App Div 590, 593), "to consider a place as such, he must stay there for some time and have the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Katz v Siroty*, 62 AD2d 1011, 1012). In the instant case there was no evidence adduced at the residency hearing or submitted in the affidavits to indicate that prior to the commencement of this action plaintiff had continuously, or even on a steady basis, remained in Nassau County since she agreed to rent the room

on June 11. Accordingly, since plaintiff was not a resident of Nassau County, defendant's motion is granted to the extent of changing the venue to Westchester County, the county in which defendant undisputedly resides. Titone, J. P., Mangano, Gulotta and Rubin, JJ., concur.