■ James Beckett, Appellant, v Audrey H. Beckett, Defendant, and County of Saratoga, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Doran, J.), entered December 9, 1986 in Saratoga County, which denied plaintiff's motion to proceed as a poor person.

Approximately three months after being transferred by the Commissioner of Correctional Services to a correctional facility in Saratoga County, plaintiff commenced a divorce action against defendant and moved to proceed as a poor person. Although no evidence was presented indicating that either

plaintiff or defendant had any prior contacts with Saratoga County, plaintiff commenced the action there and sought to have that county pay his court costs based upon the assertion that his physical presence there as an inmate made him a resident of that county. Saratoga County opposed the motion. Supreme Court denied plaintiff's motion to proceed as a poor person upon the ground that plaintiff was not a resident of Saratoga County. This appeal ensued.

Initially, we note that determination of a motion to proceed as a poor person is within the sound discretion of the court considering the motion (see, *Smith v Smith,* 2 NY2d 120, 123; 21 Carmody-Wait 2d, NY Prac § 127:20, at 333-334). It is clear that "residence" is not generally synonymous with "domicile" and that it is not necessary to show an intent to make a place a permanent home in order to establish residence there (*Matter of Newcomb,* 192 NY 238, 250; *see, Antone v General Motors Corp.,* 64 NY2d 20, 30). Mere physical presence, however, is not necessarily sufficient to establish residence (*see, e.g., Siegfried v Siegfried,* 92 AD2d 916, *Katz v Siroty,* 62 AD2d 1011). Here, plaintiff was a resident of Nassau County prior to his incarceration. His current presence in Saratoga County is not the result of a voluntary decision on his part. He is there at the discretion of the Commissioner and can be involuntarily transferred to a facility in another county at any time (*see,* Correction Law § 23; *Matter of Cole v Smith,* 84 AD2d 942, *appeal dismissed* 55 NY2d 877). We conclude that Supreme Court did not abuse its discretion in determining that plaintiff failed to establish that he was a resident of Saratoga County for purposes of proceeding as a poor person.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.