■ ESTEBAN PEREZ, Respondent, v LONG BEACH MOTOR INN, INC., Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the defendant Long Beach Motor Inn, Inc., appeals from an order of the Supreme Court, Kings County (Levine, J.), dated September 5, 1987, which denied its motion for a change of venue.

Ordered that the order is reversed, as an exercise of discretion in the interest of justice, without costs or disbursements, and the motion to change venue is granted upon condition that the defendant's attorney personally pay to the plaintiff the sum of $250 within 30 days after service upon the defendant's attorney of a copy of this decision and order with notice of entry; if the condition is not satisfied, then the order is affirmed, with costs.

This transitory action clearly belongs in Nassau County, but we have conditioned the change of venue upon the payment of $250 to the plaintiff because the motion to change venue was not brought within the time framework set forth in CPLR 511 (see generally, CPLR 2004; Arbel v Turgeon Rests., 124 AD2d 769; Ohrenstein v LaGuardia Racquet Club, 118 AD2d 515). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.