■ PATRICIA POSSENTI, Individually and as Mother and Natural Guardian of RONALD BUSHEE, an Infant, Appellant, v SEARS ROEBUCK AND Co. et al., Respondents, et al., Defendant. (And a Third-Party Action.)—In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (Dickinson, J.), dated August 31, 1987, which granted the respondents' respective motions for summary judgment and denied the plaintiff's cross motion to strike the defendants' affirmative defenses of the Statute of Limitations.

Ordered that the order is modified, by (1) deleting the first decretal paragraph thereof granting the respondents' motions

and substituting therefor a provision granting the motions only to the extent of dismissing the eleventh cause of action seeking damages for loss of services of the infant plaintiff and otherwise denying the motions, and (2) deleting the second decretal paragraph thereof denying the plaintiff's cross motion to strike the affirmative defenses of the Statute of Limitations raised by the defendants and substituting therefor a provision granting the cross motion except with respect to the eleventh cause of action, and (3) deleting the third decretal paragraph thereof which ordered that judgment be entered against the plaintiff; as so modified, the order is affirmed, with one bill of costs to the plaintiff.

On September 13, 1973, Ronald Bushee, an infant, suffered severe burns when he attempted to ignite a firecracker with the use of gasoline. The plaintiff, Ronald's mother, is seeking recovery, in part, from the manufacturer and distributor of the shirt and pants which Ronald was wearing at the time of the accident, claiming that they were defective in that they ignited very quickly and caused intense burns. The accident occurred five days after the plaintiff and the infant arrived in Florida. They were staying at their relatives' home because Ronald's mother was experiencing marital difficulties and "needed some time to think things out". They arrived in Florida with some clothing, but all their other belongings remained in New York.

Contrary to the defendants' contention, the plaintiff and Ronald were not residents of Florida so as to render this action time barred by the shorter Statute of Limitations in Florida. Ronald's mother did not seek employment in Florida nor did she try to find a permanent place for herself and her children to live. Additionally, she testified at her examination before trial that she had no intention of staying in Florida. Under these circumstances, the mere presence of the plaintiff and Ronald in Florida at the time of the accident is insufficient to establish their residence in that State (see, Beckett v Beckett, 133 AD2d 968, 969; Siegfried v Siegfried, 92 AD2d 916). Since they were New York residents, they are entitled to the benefits of this State's Statute of Limitations provisions (see, CPLR 202).

The plaintiff did not institute this action until 1978. Since Ronald's causes of action were tolled during his infancy which ended in 1982, his action is not time barred (see, CPLR 208). The derivative cause of action, however, is barred by the Statute of Limitations because Ronald's mother's cause of

action was not tolled on account of infancy *(see, D'Andria v County of Suffolk,* 112 AD2d 397).

We have examined the defendants' remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.