■ FRAN MANDELBAUM, Respondent, v FRANK MANDELBAUM, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 16, 1989, which denied his motion to change venue of the action from Westchester County to New York County.

Ordered that the order is reversed, with costs, the motion is granted, and venue is changed from Westchester County to New York County.

On August 16, 1988, the plaintiff wife left the marital residence located on East 58th Street in Manhattan, where the parties had continuously resided since their marriage in 1981. After staying for a while in Connecticut, Washington, D.C., and New York City, the plaintiff signed a month-to-month lease on October 3, 1988, for a suite at the La Reserve Hotel in White Plains. On October 4, 1988, she then commenced the instant action in the Supreme Court, Westchester County, for a divorce and ancillary relief, including a demand

for exclusive occupancy of the marital residence. The Supreme Court, Westchester County, denied the defendant's subsequent motion for a change of venue to New York County.

We disagree. Contrary to the Supreme Court's conclusion, it is readily apparent that the plaintiff had failed to sufficiently establish her residency in Westchester County for purposes of placing venue there.

The residence of a party for purposes of venue must be determined as of the time of the commencement of the action (see, Jonas Equities v 614 E. 14th St. Realty Corp., 282 App Div 773), and indicia of residence acquired after the commencement of the action are irrelevant to the determination (see, Siegfried v Siegfried, 92 AD2d 916). It is clear that "residence" is not generally synonymous with "domicile" (see, Antone v General Motors Corp., 64 NY2d 20, 30), and that it is not necessary to show an intent to make a place a permanent home in order to establish residence (see, Unanue v Unanue, 141 AD2d 31). However, mere physical presence is not necessarily sufficient to establish residency for purposes of venue (see, Beckett v Beckett, 133 AD2d 968; see also, Oelkers v Hulseberg, 200 Misc 352, affd 279 App Div 669; Hislop v Taaffe, 141 App Div 40). To consider a place as a residence for venue purposes, one "must stay there for some time and have the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (Katz v Siroty, 62 AD2d 1011, 1012).

In this case, the mere renting of a room in Westchester County one day prior to the commencement of the action was insufficient to establish that county as the plaintiff's residence for purposes of venue (see, Siegfried v Siegfried, 92 AD2d 916, supra; Turner v Turner, 84 Misc 2d 229). Accordingly, the proper venue was New York County where the defendant resided. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.