■ JESSICA SIBRIZZI et al., Appellants, v MOUNT TOM DAY SCHOOL, Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered March 22, 1989, which granted the motion of defendant to transfer venue to Supreme Court, Westchester County, unanimously affirmed, without costs.

Venue was placed in The Bronx based on plaintiffs' residence, although the cause of action arose in Westchester County where defendant resides and the nonparty witnesses are located. On the eve of trial, defendant moved for a change of venue based on evidence turned up in disclosure, including

tax returns and a school record, tending to show that Westchester was plaintiffs' county of residence prior to the commencement of the action. Plaintiffs opposed, arguing that they moved to Westchester after commencement of the action and resided in a rental apartment or with family in The Bronx in the interim. Plaintiffs further argued that they were prejudiced by defendant's delay in bringing the motion.

The court did not abuse its discretion in granting the motion for a change of venue given its finding that plaintiffs' occupancy of a relative's home in The Bronx while their Westchester home was being renovated indicated a lack of intent to remain in The Bronx. For venue purposes, a residence is where a party stays for some time with " 'the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency' ". *(Siegfried v Siegfried,* 92 AD2d 916.) Further, defendant presented a meritorious explanation for the delay in bringing this motion in that it arose from plaintiffs' own obfuscation of the relevant facts and plaintiffs will suffer no prejudice due to greater Trial Calendar congestion in the county of removal. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.