■ SHEILA KROTEYA, Appellant, v THOMAS K. KROTEYA, Respondent.—Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered August 28, 1990, granting defendant's motion to release one-half the current balance of a certain account on deposit with Chemical Bank in defendant's account and continuing in effect a preliminary injunction as to said account with respect to the remaining one-half of the current balance not withdrawn by defendant, is unanimously modified, on the law and the facts, and in the exercise of discretion, to delete that portion of the order which grants defendant's motion to release one-half of the current balance on deposit with Chemical Bank and that portion which limits the effect of the current preliminary injunction to the remaining one-half of the current balance, and otherwise affirmed, without costs.

Plaintiff was granted a preliminary injunction enjoining the withdrawal by defendant of any monies held on deposit in banks within the State of New York. Pursuant to the granting of the preliminary injunction, defendant's account at Chemical Bank was restrained. Several months later, in or around May of 1990, defendant moved for the release of one-half of the balance in the Chemical Bank account. The motion was granted and then the order was stayed by this Court, pending

determination of the appeal. Upon review, we find that defendant's motion was improvidently granted.

The purpose of a preliminary injunction granted pursuant to Domestic Relations Law § 234 is to preserve the status quo of marital property pending equitable distribution *(see, Liebowits v Liebowits,* 93 AD2d 535). The necessity for such order must be demonstrated by proof that the spouse to be restrained is attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution *(Guttman v Guttman,* 129 AD2d 537). In this case, the allegations of both parties are vague and unsubstantiated by documentary evidence. Nevertheless, plaintiff's allegation that defendant intends to abscond with marital assets to his native country of Ghana, West Africa, is supported by defendant's own allegation in support of the motion for the release of such funds pursuant to which defendant states that he intends to use the money released for the purchase of airline tickets to Ghana, and that he intends to distribute some, if not all of the remaining balance, to his relatives there. Nor has defendant disputed plaintiff's claims that defendant secretly used marital funds to purchase property outside of the State of New York, and that the parties have joint obligations which would consume almost the entire balance of the subject account. Defendant's allegation that the account constitutes separate property is unsupported by any evidence. There is no indication with respect to the amounts which would, in any event, constitute the appreciated value of the account, which might be subject to equitable distribution *(see, Nebot v Nebot,* 139 AD2d 635). Defendant's conclusory allegations do not warrant a disruption of the status quo at this time *(see, Lopez v Lopez,* 121 AD2d 515). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.