(October 13, 1992)

■ NATALIE GLADSTONE, Respondent, v KAREN SYVERTSON et al., Respondents, and LEONARD BARDEN et al., Appellants.— Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about December 10, 1990, which denied defendants' motions for change of venue from Bronx County to Westchester County, unanimously reversed, on the law and facts, and the motions are granted, without costs.

This is a personal injury action arising out of an automobile accident which occurred in Westchester County on April 16, 1989. At the time of the accident, plaintiff was a resident of Westchester County, as were all of the defendants except the defendant foreign corporations authorized to do business in New York State. The action was commenced by the service of summons and verified complaint dated July 16, 1990, at which time plaintiff listed a Bronx County address and cited same as the basis for venue.

Defendants Leonard Barden, U-Haul Company, Inc. and Amerco Lease Company moved, by notice of motion dated August 31, 1990, for a change of venue as of right, pursuant to CPLR 510 (1) and 511 (b), from Bronx County to Westchester County, asserting that Bronx County had been improperly designated. Alternatively, said defendants moved for a discretionary change of venue pursuant to CPLR 510 (3) on the ground that the convenience of material witnesses and ends of justice will be promoted thereby. Defendants Karen and Einar Syvertson cross-moved for a change of venue to Westchester County as of right.

At issue on appeal is whether the Bronx County address, listed by plaintiff on the summons served July 16, 1990, is a bona fide residence, which plaintiff intends to retain permanently, or whether it is a temporary residence assumed for the sole purpose of obtaining an advantageous venue (see, Turner v Turner, 84 Misc 2d 229; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 503.02). Defendants challenge the legitimacy and permanency of the change of residence, in light of its timing and the paucity of proof submitted by plaintiff with respect thereto.

The sole evidence proffered by plaintiff to establish the bona fides of her Bronx County residency consisted of envelopes addressed to her at the Bronx address and bank statements bearing her aunt's name as well as her own. These items were appended to plaintiff's counsel's affirmation filed in opposition to the motion for change of venue. No affidavit by

plaintiff was submitted, and the envelopes, which were post-marked from mid-May 1990 to late June 1990, bore neither senders' names nor return addresses. Plaintiff submitted no other documents evidencing a Bronx residency, such as leases, rent receipts, insurance policies, tax returns, automobile registration, or driver's license.

On this record, we conclude that plaintiff failed to establish a " ' "bona fide intent to retain [Bronx County] as a residence for some length of time and with some degree of permanency" ' " (Sibrizzi v Mount Tom Day School, 155 AD2d 337, 338, quoting Siegfried v Siegfried, 92 AD2d 916; Katz v Siroty, 62 AD2d 1011, 1012). Accordingly, the motions for transfer of venue are granted pursuant to CPLR 510 (1). We do not, in light of this determination, reach defendants' claims with respect to a discretionary change of venue pursuant to CPLR 510 (3). Concur—Murphy, P. J., Rosenberger, Carro and Kassal, JJ.