OPINION OF THE COURT
Dennis F. Bender, J.
Defendant South Slope Holding Corporation (hereinafter South Slope) moves for summary judgment dismissing the action. Plaintiffs oppose the motion and cross-move for an order substituting John F. Phillips in his capacity as Code Enforcement Officer (CEO) of the Town of Jerusalem as defendant in place of the former town CEO, Ronald Kenville. Plaintiffs also seek an order permitting them to serve a supplemental summons and complaint.
This is a so-called "taxpayer’s action” under Town Law § 268. Plaintiffs allege that defendant South Slope has violated the zoning ordinance by way of construction and other actions at 809 W. Bluff Drive, and that the town has failed to enforce its zoning ordinance in regard to the property.
Although not initially put forth in its motion papers, at oral argument of the motion South Slope argued that the plaintiffs do not have standing. I find this issue to be dispositive.
Town Law § 268 (2) has no sister provision in any other statute concerning municipalities. As such, it creates a powerful tool, unique to town residents.
Since the plaintiffs "may institute [such] appropriate action or proceedings * * * in like manner as [the] local officer” (Town Law § 268 [2]), the options are broader than those available to a similarly aggrieved village or city resident, including the potential for the punitive sanctions of Town Law § 268 (1). Likewise, as the plaintiffs would effectively be cloaked in the municipality’s mantle, it follows that the plaintiffs would enjoy the same level of immunity from attack on the grounds of laches or estoppel when injunctive relief is sought.
Citizens’ rights to proceed under Town Law § 268 (2) are not absolute however, and carry burdens beyond those for a non-section 268 injunctive action.
In the first instance, three residents of the town who are also taxpayers must join together, and then may only do so after the failure or refusal of the proper authority to act within 10 days of demand.
On review of the pleadings, proposed pleadings, and affidavits, the court determines that the demand and failure/ *249 refusal requirement has been satisfied, and also that at least three of the plaintiffs meet the requirement that they be taxpayers and residents of the town. Residency is not the same as domicile. While a person may have only one domicile, a person may have more than one residence. As noted in Sibrizzi v Mount Tom Day School (155 AD2d 337, 338) concerning the residency issue as it relates to venue "a residence is where a party stays for some time with 'the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency’ ” (citing Siegfried v Siegfried, 92 AD2d 916). Jane Warter, Peter Warter, and, as set forth in the amended complaint, Bruce Cutler, satisfy this requirement.
Regarding plaintiff Paul Garrett Corporation, it is noted however that although a taxpayer in the Town of Jerusalem, it has its office in another county. As stated above, a person may have more than one residence. Such does not apply to a corporation, however, which for venue purposes at least, is deemed to reside in the county in which its principal office is located. (CPLR 503.) Conversely, Friends of Keuka Lake, Inc. (Friends), while apparently with its principal, if not the only office in the Town of Jerusalem, is not a property owner, and thus not a taxpayer. Both are thus not proper parties to an action instituted pursuant to Town Law § 268 (2).*
The third requirement of Town Law § 268 (2) is that the three resident taxpayers must be "jointly or severally aggrieved”. The meaning of this phrase is at the heart of this decision.
There are very few purely Town Law § 268 actions on the books. None directly address the meaning of the requirement that the plaintiffs be "jointly or severally aggrieved”. Plaintiffs suggest that whatever these words do mean, they do not equate with special damages. Pointing to Little Joseph Realty v Town of Babylon (41 NY2d 738), they note a Town Law § 268 action is "intended to create an avenue for direct action by which resident taxpayers, acting in concert, may overcome official lassitude or nonfeasance in the enforcement of zoning laws [and] * * * is hardly to be construed as a diminution of the right of *250 one who suffers damage beyond general inconvenience to the public at large to take legal action on his own”. (Supra, at 741.)
Apparently resting upon the authority of Little Joseph (supra) one treatise supports the plaintiffs’ position. Town Law § 268 (2) says, "provides an alternative means for private parties to attain standing to sue to enjoin zoning violation other than by a showing of special damages(6 Warren’s Weed, New York Real Property, Zoning Enforcement, § 3.02, at 16 [emphasis added].)
Nonetheless, Little Joseph (supra) was not a section 268 action, and its dicta, in context, is subject to other interpretation. Also, with due respect to Warren’s Weed (op. cit.), it offers no explanation for the inclusion of these four words in the statute. This court notes however that identical language in laws which allow for CPLR article 78 proceedings regarding zoning actions are generally interpreted to require special damages. (See, for example, Town Law § 267-c [1]; Village Law § 7-712-c [1].) Logic dictates the interpretation be similar for Town Law § 268 (2).
Further support for this position is found in the general rule that individuals cannot maintain a suit in equity to restrain the violation of a statute or ordinance enacted for the public’s protection absent a showing of special damages. (Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428; Marcus v Village of Mamaroneck, 283 NY 325.)
Concededly, this rule is not absolute in zoning matters. Close proximity alone may allow an inference of damages which enables a nearby owner to challenge a zoning board’s decision without proof of special damages. (Matter of East 13th St. Community Assn. v New York State Urban Dev. Corp., 84 NY2d 287; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, supra; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406.) "The status of neighbor does not, however, automatically provide the entitlement, or admission ticket, to judicial review in every instance.” (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra, at 414.)
The wisdom of the policy that standing is not absolute has been noted by the Court of Appeals, which recognized "that permitting everyone to seek review could work against the welfare of the community by proliferating litigation, especially at the instance of special interest groups” (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra, at 413). The question thus is how close is close enough?
Clearly a half mile is too far. (Matter of Darlington v City of Ithaca, 202 AD2d 831.) Such would serve to eliminate the *251 presumption for plaintiffs Jane and Peter War ter. While proposed plaintiff Bruce Cutler is presumed for purposes of this motion to be only 800 feet from the property which is the subject of the litigation, a distance within the "presumptive zone” in at least one case (Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd., 69 AD2d 320), this court finds under the facts of this case that the 800 feet is too far. This court notes that the Cutler property is located on the opposite branch of Y-shaped Keuka Lake.
Having determined that special damages must have been pleaded, the question arises as to whether or not they have been. Having reviewed all the pleadings, proposed pleadings and supporting affidavits, it is clear that the conclusory nature of the reputed injury is insufficient.
For all of the foregoing reasons, the defendants herein are granted summary judgment dismissing the complaint, and the plaintiffs’ cross motion for leave to amend is denied, with no costs to any party.

 Absent the ultimate conclusion herein, this court might however have anticipated the inevitable, and afforded the parties additional argument regarding whether or not Friends’ opposition to this motion should be deemed as an application to intervene pursuant to CPLR 1012 (a) (2). It is noted that Friends apparently is comprised of resident taxpayers and the preservation of the quality of the environment in the disputed areas is one of its reasons for being.