■ MICHAEL E. SCHAEFER, Respondent, v BARRY F. SCHWARTZ et al., Appellants. [641 NYS2d 138] —In an action, *inter alia,* to

recover damages for medical malpractice, the defendants separately appeal from an order of the Supreme Court, Nassau County (Murphy, J.), entered July 5, 1995, which denied their motion to change venue from Bronx County to Nassau County.

Ordered that the order is affirmed, without costs or disbursements.

We reject the defendants' contention that the plaintiff failed to establish residency in Bronx County for the purpose of establishing venue in that county (*see,* CPLR 503 [a]). For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency (*see, Sibrizzi v Mount Tom Day School,* 155 AD2d 337; *Mandelbaum v Mandelbaum,* 151 AD2d 727; *Siegfried v Siegfried,* 92 AD2d 916). The plaintiff's affidavit and the annexed lease, rent receipts, and phone bills sufficiently establish all of the necessary indicia of residency. The defendants' evidence to the contrary is unpersuasive, and their contention that the Supreme Court should have conducted a hearing on the matter is without merit.

In addition, the Supreme Court did not improvidently exercise its discretion in denying the defendants' motion to change venue based on the convenience of material witnesses (*see,* CPLR 510 [3]; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.