■ VIRGINIA SANTULLI, Respondent, v RICHARD SANTULLI, Appellant. [644 NYS2d 28]

Plaintiff-wife commenced this action on June 21, 1995 in New York County. Although she had resided exclusively in the parties' Staten Island home for at least eight years prior, just 16 days before the commencement of the action she took a lease in an apartment located in New York County in an apparent effort to establish a new residence. Plaintiff subsequently furnished the apartment the following two weeks, and opened a savings account in a Manhattan bank on June 14, 1995. Plaintiff, however, never slept overnight at her Manhattan "residence" prior to the commencement of this action and maintains active savings and checking accounts in Staten Island, while the Manhattan account, which contains the mea-

ger sum of $5,000, considering the extent of her marital assets, has remained inactive. Plaintiff also avers that spending all of her time in the Staten Island home is too painful and that she was forced to seek refuge, yet she had sought, and received, interim exclusive occupancy of the Staten Island residence.

CPLR 503 (a) provides, in pertinent part: "Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced".

In the matter before us, plaintiff's renting of a room in New York County immediately before commencement of this action, without having so much as spent a night in it, is simply insufficient to establish residence at the time the action was commenced, much less residence with any degree of permanence (see, Siegfried v Siegfried, 92 AD2d 916; Martinez v Semicevic, 178 AD2d 228). Further, residence must be determined at the time of the commencement of the action (see, Jonas Equities v 614 E. 14th St. Realty Corp., 282 App Div 773) and indicia of residence acquired after commencement of the action are irrelevant (Mandelbaum v Mandelbaum, 151 AD2d 727; Siegfried v Siegfried, supra). With the exception of the lease and an automated teller machine receipt for a dormant savings account, virtually all of plaintiff's documentary evidence originated after this matter was commenced. Since plaintiff has failed to establish a bona fide intent to retain residency in New York County for some length of time and with some degree of permanency, the motion for transfer of venue should have been granted (see, Gladstone v Syvertson, 186 AD2d 400; Sibrizzi v Mount Tom Day School, 155 AD2d 337; Siegfried v Siegfried, supra).

We also find the IAS Court's award of temporary maintenance of $5,000 per week, totalling with other expenses approximately $650,000 per annum, to be excessive. The overriding consideration regarding a pendente lite maintenance award is the meeting of the reasonable needs of the moving party until a determination is made at trial concerning permanent relief (see, Ritter v Ritter, 135 AD2d 421; Messina v Messina, 101 AD2d 856). The predominant factor for such determination is the applicant's actual financial need, with the parties' income and assets to be taken into account (Ritter v Ritter, supra, at 422; Jorgensen v Jorgensen, 86 AD2d 861; Dyson v Dyson, 92 AD2d 857).

In the case at bar, plaintiff is in possession of liquid marital funds of approximately $850,000 and has been able to manage with the allowance provided by defendant, which totalled

$500,000 per year. We, therefore, reduce the award of temporary maintenance to $4,000 per week, for a total award of approximately $500,000 per year, which has adequately met plaintiff's financial needs. We also find the award of interim counsel fees to be excessive and reduce it accordingly (*Fisher v Fisher*, 208 AD2d 433).

Lastly, the IAS Court erred when it issued the injunction. As this Court has explicitly stated, pendente lite restraints on property transfers must be supported by proof that the spouse to be restrained is attempting, or threatening, to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution (*Guttman v Guttman*, 129 AD2d 537, 539; *Kroteya v Kroteya*, 170 AD2d 371, 372). No such showing has been made herein. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Tom, JJ.