■ FRED LABISSIERE, Respondent, v PIGEON ROLAND et al., Appellant. [647 NYS2d 541] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Feinberg, J.), dated July 12, 1995, which denied their motion to change the venue of the action from Kings County to Nassau County.

Ordered that the order is reversed, with costs, the motion is granted, and the venue of the action is changed from Kings County to Nassau County.

On April 27, 1994, the plaintiff and the defendants were involved in an automobile accident. The plaintiff's driver's license and vehicle registration reflected a Nassau County address. On or about October 13, 1994, the plaintiff commenced the instant action in the Supreme Court, Kings County, to recover damages for personal injuries, claiming to be a resident of Kings County. The Supreme Court denied the defendants' subsequent motion for a change of venue to Nassau County.

We disagree. Aside from his conclusory statement that at the time of the accident he resided at 120 Kenilworth Place in Brooklyn and that shortly after the accident occurred, he moved to 3412 Beverly Road in Brooklyn, which is also the residence of his grandmother, the plaintiff has failed to establish through documentary evidence that he actually resided in Kings County at the time he commenced this action, much less that he resided there with any degree of permanence (*see, Katz v Siroty,* 62 AD2d 1011, 1012). The plaintiff's receipt of two letters at the Brooklyn address will not suffice to establish residency for purposes of defeating a properly brought motion to change venue (*see, Martinez v Semicevic,* 178 AD2d 228). Moreover, evidence that the plaintiff allegedly resided at his grandmother's house in Brooklyn after the commencement of the action is irrelevant to this determination (*see, Mandelbaum v Mandelbaum,* 151 AD2d 727; *Siegfried v Siegfried,* 92 AD2d 916). Rosenblatt, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.