■ RICHARD DALEY, Appellant, v LEA DALEY, Respondent. [684 NYS2d 272] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated November 20, 1997, as granted the motion of the defendant wife to change the venue of the action to New York County and directed the Clerk of New York County to accept the file under the index number of the parties' previously-discontinued action in New York County.

Ordered that the order is modified, on the law, by deleting the provision directing the Clerk of New York County to accept the transferred file under the index number of the parties' previously-discontinued action in New York County; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced an action in New York County in 1993, *inter alia,* for a divorce and custody of the parties' two children. Prior to commencement of the action, the plaintiff moved out of the marital residence on Roosevelt Island and into another apartment in Manhattan. The New York County action was commenced by service of a summons only, and the defendant subsequently agreed to extend the plaintiff's time to serve a complaint while negotiations were pending. A complaint was never served in the New York County action.

By order dated October 6, 1993, the Supreme Court, New York County, ordered a forensic evaluation of the parties and

their children by a psychiatrist whose office was located in Manhattan. The psychiatrist issued a report in February 1994 in which he recommended that the defendant have sole custody of the children. By order dated December 13, 1996, the Supreme Court, New York County, ordered the plaintiff to pay maintenance and child support, directed that the issue of custody be heard by a Referee, and denied the plaintiff's motion for another forensic evaluation. The court granted the defendant temporary exclusive occupancy of the marital residence, and the plaintiff was granted temporary exclusive occupancy of a house in Cutchogue, Long Island, which was previously used by the parties during the summer.

The plaintiff served a notice discontinuing the New York County action in March 1997 and, immediately thereafter, he commenced the instant action in Suffolk County. The defendant's motion to vacate the notice of discontinuance was denied by order of the Supreme Court, New York County, dated June 9, 1997. In August 1997 the defendant moved in the Supreme Court, Suffolk County, pursuant to CPLR 510 and 511 to change the venue of the action to New York County.

We reject the plaintiff's contention that the defendant's motion for a change of venue pursuant to CPLR 510 (1) was untimely. The plaintiff does not dispute that the motion was made prior to service of the defendant's answer, as required by CPLR 511 (a) (*see, Cacio v Cacio,* 236 AD2d 574), and the defendant established good cause for her failure to comply with the requirements of CPLR 511 (b) (*see,* CPLR 2004; *Perez v Long Beach Motor Inn,* 138 AD2d 583).

The evidence presented by the plaintiff failed to establish that venue in Suffolk County was properly based on his residence there. "For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Schaefer v Schwartz,* 226 AD2d 619, 620; *see also, Siegfried v Siegfried,* 92 AD2d 916). The plaintiff did not provide documentary evidence to support his claim regarding the permanent nature of his residence in Cutchogue, and he admitted that he "frequently" resided in the Manhattan apartment during the work week. Moreover, we note that the plaintiff seeks exclusive occupancy of the marital residence on Roosevelt Island in this action. The defendant offered documentary evidence to support her contention that the Cutchogue residence was seasonal in nature and that the defendant continued to reside in Manhattan.

In addition to the plaintiff's failure to establish that Suffolk

County was his residence for venue purposes, we agree with the Supreme Court that the plaintiff's tactic in discontinuing the previous action and commencing this action in Suffolk County amounted to forum shopping. The plaintiff litigated the previous action in New York County for over three years without any apparent complaint of inconvenience to his witnesses or himself, and a letter in the record from his new attorney strongly suggests that the decision to discontinue the New York County action was motivated by displeasure with the pendente lite support order. By commencing the instant action in Suffolk County, he has indirectly obtained a change of venue which he would not have been entitled to obtain directly, and he has circumvented various orders issued in the previous action. Although the merits of the order which permitted the plaintiff to discontinue the New York County action are not before this Court, we conclude that, under the circumstances, the Supreme Court did not err in transferring venue of this action to New York County.

However, we agree with the plaintiff that the Supreme Court did not have the authority to direct the Clerk of New York County to accept the transferred file under the index number of the previously-discontinued action, as that directive amounted to an impermissible attempt to overrule the order of the New York court (*see, Martin v City of Cohoes,* 37 NY2d 162, 165). Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.