■ ZURAB BUZIASHVILI, Respondent, v THOMAS S. RYAN et al., Appellants. [695 NYS2d 396] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 16, 1998, which denied their motion to change the venue of the action from Kings County to New York County.

Ordered that the order is reversed, with costs, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the clerk of the Supreme Court, New York County, all papers filed in the action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

On September 20, 1995, a vehicle operated by the plaintiff was involved in a collision with a vehicle owned and operated by the defendants. The plaintiff's driver's license listed a New York County address. On April 8, 1997, the plaintiff com-

menced the instant action in the Supreme Court, Kings County, claiming to be a resident of Kings County. On July 20, 1998, pursuant to his examination before trial, the plaintiff admitted that he currently resided at the above-mentioned New York County address and that he had been living there since 1994. When asked if he ever lived at the claimed Kings County address, the plaintiff responded that he had lived there for a few months in 1996 to assist a few people who had just moved there from a foreign country. The next day, the defendants moved to change venue to New York County. The Supreme Court denied the motion.

In opposition to the motion, the plaintiff was required to establish through documentary evidence that he had intended to retain Kings County as a residence for some length of time and with some degree of permanency (*see, Mandelbaum v Mandelbaum,* 151 AD2d 727; *Siegfried v Siegfried,* 92 AD2d 916; *Katz v Siroty,* 62 AD2d 1011, 1012). Although the plaintiff submitted correspondence addressed to him at the Brooklyn address, some of the correspondence was dated after the commencement of the action, and is, therefore, irrelevant (*see, Mandelbaum v Mandelbaum, supra, Siegfried v Siegfried, supra*). Moreover, this evidence is insufficient to establish residency for the purposes of defeating a motion to change venue (*see, Labissiere v Roland,* 231 AD2d 687; *Gladstone v Syvertson,* 186 AD2d 400; *Martinez v Semicevic,* 178 AD2d 228). Furthermore, the self-serving affidavits submitted by the plaintiff, his sister, and his cousin's wife that the plaintiff had lived at the Brooklyn apartment for over 1½ years presented a feigned factual issue designed to avoid the consequences of the plaintiff's earlier admission that he had only lived there for a few months (*see, Prunty v Keltie's Bum Steer,* 163 AD2d 595).

Furthermore, the defendants promptly moved to change venue after ascertaining the plaintiff's true residence (*see, O'Connor v Roman Catholic Diocese,* 231 AD2d 700; *Koschak v Gates Constr. Corp.,* 225 AD2d 315; *Roman v Brereton,* 182 AD2d 556; *Philogene v Fuller Auto Leasing,* 167 AD2d 178; *Sibrizzi v Mount Tom Day School,* 155 AD2d 337, 338). S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.