■ Linda Key-Kanuteh, Appellant, v Dihern Kenia, Respondent. [732 NYS2d 9] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about November 22, 2000, which granted defendant's motion made pursuant to CPLR 503 and 510 (1) for a change of venue from Bronx County to Westchester County, unanimously affirmed, with costs.

Defendant's motion to change venue, as of right, from Bronx County to Westchester County, where defendant resides, was properly granted. The police accident report showed plaintiff as having a Westchester County address and plaintiff, in opposition to defendant's timely motion, failed to offer any documentary evidence to support her conclusory claim that she was a Bronx resident at the time she commenced her personal injury action (*see, Buziashvili v Ryan*, 264 AD2d 797; *Gladstone v Syvertson*, 186 AD2d 400; *Martinez v Semicevic*, 178 AD2d 228). Her total claimed period of residence in the Bronx was 3½ months, with the filing of the action occurring about half way into that period. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Rubin, JJ.

■ The People of the State of New York, Respondent, v Adam Sanchez, Appellant. [732 NYS2d 163] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered December 20, 1999, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's challenges to the court's preliminary and final instructions as to the presumption of innocence and defendant's right to refrain from testifying are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's instructions clearly conveyed the appropriate legal principles (*see, People v Fields*, 87 NY2d 821). We note specifically that language to the effect that defendant was presumed innocent "until," or "unless and until" the People had proved his guilt beyond a reasonable doubt could not, in context, have been interpreted by the jury as expressing the court's expectation of a guilty verdict (*People v Medina*, 178 AD2d 177, *lv denied* 79 NY2d 950).

We perceive no basis for reduction of sentence. Concur—Nardelli, J. P., Williams, Ellerin, Friedman and Marlow, JJ.