■ ELIAHOU MACHANI et al., Respondents, v DONALD SHIELDS, Appellant. [732 NYS2d 368] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated September 22, 2000, as denied his motion pursuant to CPLR 511 to transfer venue to Nassau County and, *sua sponte,* transferred venue to Queens County.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, *sua sponte,* transferred venue to Queens County is treated as an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and as a matter of discretion in the interest of justice, without costs or disbursements, and the motion to change venue to Nassau County is granted upon condition that the defendant's attorney personally pay to the plaintiffs the sum of $500 within 30 days after service upon the defendant's attorney of a copy of this decision and order with notice of entry; if the condition is not satisfied, then the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that upon being notified by the defendant's attorney that he has personally paid $500 to the plaintiffs, the Clerk of the Supreme Court, Queens County, is directed to transfer the file of this action to the Clerk of the Supreme Court, Nassau County.

The plaintiffs, who are residents of Queens County, improp-

erly placed the venue of this action in Kings County, where none of the parties reside, thereby forfeiting their right to designate venue (*see,* CPLR 503 [a]; *Anderson v Ungar,* 267 AD2d 186). The Supreme Court improvidently exercised its discretion in *sua sponte* changing venue to Queens County—a venue requested by no one—since CPLR 510 (1) authorizes a court to change venue only "upon motion," and not its own initiative (*see, Nixon v Federated Dept. Stores,* 170 AD2d 659).

As the defendant established that he resides in Nassau County, a transfer of venue to that county is proper, but we have conditioned the change of venue upon the payment of $500 to the plaintiffs by the defendant's attorney personally because the motion to change venue was not brought within the time framework set forth in CPLR 511 (*see, Perez v Long Beach Motor Inn,* 138 AD2d 583). Contrary to the defendant's contention, he failed to establish that the demand to change venue was served upon the plaintiff not more than 15 days before the service of the motion to change venue. Krausman, J. P., Luciano, Smith and Adams, JJ., concur.