■ WILLIAM RIVERA, Appellant, v JESPER JENSEN et al., Respondents. [762 NYS2d 387] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 17, 2002, which granted defendants' motion to change the venue of this action from Bronx County to Suffolk County, unanimously reversed, on the law, without costs, and the disposition of the motion vacated and the matter remanded to Supreme Court, Bronx County, for a hearing in accordance herewith. The County Clerk, Suffolk County, is directed to transfer the case file to Supreme Court, Bronx County.

This is an action for damages based on an automobile accident which happened in Manhattan in January 2001. It is undisputed that plaintiff resided in New York County then, that plaintiff married a resident of Bronx County in August 2001, that plaintiff commenced this action in December 2001 and that plaintiff venued this action in Bronx County claiming to be a resident thereof. Based on the January 2001 accident report which identified a Manhattan address for plaintiff, no record of plaintiff having either telephone or utility service at the Bronx address listed in the summons, and an August 2002 verification from the Department of Motor Vehicles that plaintiff's driver's license listed a Manhattan address, defendants moved to change venue from Bronx County to Suffolk County. The IAS court erred in resolving the disputed facts without affording plaintiff a hearing (*Reid v Brookhaven Mem. Hosp.*, 204 AD2d 123 [1994]; *Cerniglia v Combes*, 157 AD2d 499 [1990]) and we reverse the order and remand for that purpose.

Where the movant satisfies its burden of proof on improper selection of venue, a total lack of documentary evidence to substantiate a conclusory allegation of residence warrants changing venue (*Key-Kanuteh v Kenia*, 288 AD2d 16 [2001]; *Martinez v Semicevic*, 178 AD2d 228 [1991]). Likewise, if no controverting affidavit is submitted (*Gladstone v Syvertson*, 186 AD2d 400 [1992]) or if there is an absence of evidence to

demonstrate an intent to reside "with some degree of permanency" (*Buziashvili v Ryan*, 264 AD2d 797, 798 [1999]), the motion court should change the venue. Here, however, plaintiff provided specific explanations for his claimed change in residence from New York County, where he lived with his sister, to the Bronx (his August 2001 marriage to a long-term Bronx resident) and for his August 2002 driver's license residence listed in New York County (his ignorance of the address-change requirement). As documentary verification of his August 2001 residence change, plaintiff submitted his marriage certificate (stating that the ceremony took place in the Bronx), a September 2001 United States Department of Justice notice of action verifying that plaintiff had filed with the Immigration and Naturalization Service an immigrant petition for a relative claiming his Bronx marital residence, and a January 2002 employer's wage verification report for no-fault benefits also listing his Bronx address. Plaintiff further submitted affidavits from his wife and sister containing specific factual allegations which, if believed, would establish his change in residence.

This is not a case where the only evidence before the IAS court consists of the residence listed on a driver's license (*see Davis v ELRAC, Inc.*, 272 AD2d 504 [2000]) or where such information is only controverted by a self-serving affidavit of a party (*see McKenzie v MAJ Tr.*, 204 AD2d 154 [1994]). Plaintiff provided a detailed narrative of his address change, documented it with the types of communications one would typically receive at one's residence and offered the additional verification of the two individuals who lived, respectively, at the Manhattan and Bronx residences. Where resolution of such a factual issue ultimately depends on evaluating the credibility of the affiants, a hearing should be held to resolve any inconsistencies (*Cerniglia v Combes*, 157 AD2d 499 [1990]). Concur—Buckley, P.J., Tom, Ellerin, Lerner and Friedman, JJ.