■ BARBARA MORREALE, Respondent, v 105 PAGE HOMEOWNERS ASSOCIATION, INC., et al., Respondents, and JOSEPH FALLACARO et al., Appellants. [884 NYS2d 93]—

In an action to recover damages for personal injuries, the defendants Joseph Fallacaro and Nancy Fallacaro appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 30, 2008, as, in effect, upon renewal, adhered to the determination in a prior order dated January 8, 2007, denying their motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Richmond County.

Ordered that the order dated June 30, 2008 is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs payable by the plaintiff to the defendants Joseph Fallacaro and Nancy Fallacaro, upon renewal, the order dated January 8, 2007 is vacated, the motion of the defendants Joseph Fallacaro and Nancy Fallacaro to change the venue of the action from Kings County to Richmond County is granted, and the Clerk of the Supreme Court, Kings County, is directed

to deliver to the Clerk of the Supreme Court, Richmond County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

Upon renewal, the appellants submitted excerpts of the plaintiff's deposition testimony, which was taken after the Supreme Court's original order dated January 8, 2007, denying their motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Richmond County. The relevant testimony revealed that on or about December 31, 2005, which was just over one year after the subject accident, the plaintiff moved to her son's apartment in Brooklyn from her house in Staten Island after a "diabetic episode," that in March or April 2006, she entered into a contract to purchase a house in New Jersey, that on August 8, 2006, three days after commencing this action, she "took over" her new house in New Jersey, and moved into it in November 2006.

A residence for venue purposes is a place where one stays for some time with "the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Katz v Siroty*, 62 AD2d 1011, 1012 [1978]; *see Jones-Ledbetter v Biltmore Auto Sales*, 229 AD2d 518, 519 [1996]; *Mandelbaum v Mandelbaum*, 151 AD2d 727, 728 [1989]).

Upon renewal, the appellants made a prima facie showing that the plaintiff was temporarily staying at the Brooklyn apartment at the time she commenced this action without "the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Katz v Siroty*, 62 AD2d at 1012; *see Neu v St. John's Episcopal Hosp.*, 27 AD3d 538 [2006]; *Jones-Ledbetter v Biltmore Auto Sales*, 229 AD2d at 519; *Sibrizzi v Mount Tom Day School*, 155 AD2d 337 [1989]). The plaintiff failed to rebut that showing (*see Samuel v Green*, 276 AD2d 687 [2000]). Accordingly, upon renewal, the appellants' motion to change venue from Kings County to Richmond County, the county where the defendants resided, should have been granted (*see* CPLR 503 [a]; *Maggio v Wal-Mart Stores*, 275 AD2d 350, 351 [2000]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.