In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), dated April 3, 2012, as, after a hearing, denied that branch of his motion which was to change venue of the action from Nassau County to New York County.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly denied that branch of the defendant’s motion which was to change venue of the action from Nassau County to New York County. The resolution of credibility issues by the hearing court is entitled to deference on appeal, and will be upheld if supported by the evidence in the record (see generally Shaw Funding, L.P. v Samuel, 101 AD3d 1100 [2012]; Gass v Gass, 42 AD3d 393 [2007]; Ahrens v Chisena, 40 AD3d 787, 788 [2007]; Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino, 34 AD3d 536, 538 [2006]). The record in this case supports the court’s conclusion that the plaintiff maintained a residence in Nassau County in addition to the parties’ marital residence in New York County during the parties’ short marriage (see CPLR 503 [a]; Morreale v 105 Page Homeowners Assn., Inc., 64 AD3d 689, 690 [2009]; Bennett v Bennett, 49 AD3d 949, 949-950 [2008]; Bradley v Plaisted, 277 App Div 620, 621-622 [2000]; Jones-Ledbetter v Biltmore Auto Sales, 229 AD2d 518, 519 [1996]; Mandelbaum v Mandelbaum, 151 AD2d 727, 728 [1989]).
*660 The defendant’s remaining contentions, raised for the first time on appeal, are not properly before this Court (see Provident Bank v Giannasca, 55 AD3d 812 [2008]). Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.