Morris v Greenberg (2019 NY Slip Op 06727)





Morris v Greenberg


2019 NY Slip Op 06727


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9892NA 9892N 28656/17E

[*1] Noah Stark Morris, et al., Plaintiffs-Appellants,
v
Stephen Greenberg, et al., Defendants-Respondents.


Simonson Goodman Platzer, P.C., New York (Edward S. Goodman of counsel), for appellants.
Furman, Kornfeld & Brennan, LLP, New York (Tracy S. Katz of counsel), for Stephen Greenberg and East River Medical Imaging, P.C., respondents.
Ekblom & Partners, LLP, New York (Hillary C. Agins of counsel), for Guy Lin and ENT and Allergy Associates, LLP, respondents.



Orders, Supreme Court, Bronx County (Joseph E. Capella, J.), entered May 24, 2018 and July 17, 2018, which granted defendants' motions to change venue of the action from Bronx County to Rockland County, unanimously affirmed, without costs.
The motion court's determination to change venue to Rockland County was proper. The court's findings that Bronx County was not plaintiff Noah Stark Morris's bona fide residence turned largely on its finding, after a hearing, that he was not credible. Such credibility determinations are entitled to deference, particularly where, as here, Noah gave conflicting testimony (see generally Arrufat v Bhikhi, 101 AD3d 441, 442 [1st Dept 2012]).
The remaining evidence submitted by plaintiffs does not demonstrate that Mr. Morris intended to reside at the Bronx apartment with some degree of permanency (see Rivera v Jensen, 307 AD2d 229, 229-230 [1st Dept 2003]). Plaintiffs did not produce a lease, utility bills, or similar documentary evidence such as "insurance policies, tax returns, automobile registration, or driver's license" listing a Bronx County address (Gladstone v Syvertson, 186 AD2d 400, 401 [1st Dept 1992]). Contrary to plaintiffs' contentions, Mr. Morris's bank statements, pharmacy records, and gym records do not show any degree of permanency in Bronx County. Although Mr. Morris's bank statements were mailed to his grandmother's apartment in the Bronx, he also received medical correspondence and other mail at his mother's and wife's homes in Orange and Rockland Counties.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK