Appleyard v First Prestige Props., Inc. (2021 NY Slip Op 06028)





Appleyard v First Prestige Props., Inc.


2021 NY Slip Op 06028


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 21847/19E Appeal No. 14527 Case No. 2021-00159 

[*1]Audrey A. Appleyard, Plaintiff-Respondent,
v
First Prestige Properties, Inc., et al., Defendants-Appellants, Subway Store # 48744, et al., Defendants.


Methfessel & Werbel, New York (Fredric P. Gallin of counsel), for appellants.
Shapiro Law Offices, PLLC, Bronx (Ernest S. Buonocore of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered December 22, 2020, which, following a hearing, denied defendants-appellants' motion to change venue from Bronx County to Orange County, New York, unanimously reversed, on the law, without costs, and the motion granted.
Defendants met their burden of showing that plaintiff was not a Bronx County resident when she commenced this action (see CPLR 503[a]) by submitting her driver's license issued in 2017, a disability application from 2018, and an accident claim report from 2019, all showing that plaintiff lived in Milton, New York (see Book v Horizon Asset Mgt., 105 AD3d 661 [1st Dept 2013]; see also Furlow v Braeubrun, 259 AD2d 417 [1st Dept 1999]).
Plaintiff failed to rebut defendants' showing. She did not submit any evidence of her residency in Bronx County at the time she commenced this action. Plaintiff testified that she had not worked in Bronx County since 2014 and that she most recently applied for a job at Hudson Home Care Agency using her Milton, New York address. Other than a magazine cover, the documentary evidence submitted by plaintiff pre-dates the commencement of this action by several years (see Hernandez v Seminatore, 48 AD3d 260 [1st Dept 2008]). Furthermore, the magazine cover addressed to her purported Bronx County home is irrelevant because it was acquired after the commencement of the action (Santulli v Santulli, 228 AD2d 247, 248 [1st Dept 1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021