■ MARY DAVIS et al., Respondents, v ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, et al., Appellants. [708 NYS2d 153] —In an action to recover damages for personal injuries, etc., the defendants appeal (1) from an order of the Supreme Court, Suffolk County (Seidell, J.), dated May 5, 1999, which denied their motion pursuant to CPLR 510 (1) to change venue from Kings County to Suffolk County, and (2), as limited by their brief, from so much of an order of the same court, dated August 17, 1999, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated May 5, 1999, is dismissed, as that order was superseded by the order dated August 17, 1999, made upon reargument; and it is further,

Ordered that the order dated August 17, 1999, is reversed

insofar as appealed from, on the law the order dated May 5, 1999, is vacated, and the defendants' motion is granted; and it is further,

Ordered that the defendants are awarded one bill of costs; and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, is directed to transfer the file of the action to the Clerk of the Supreme Court, Suffolk County.

The plaintiffs commenced this action in December 1998, alleging that on June 4, 1997, the defendant Bernard P. Thomas, while operating a motor vehicle which he rented from the defendant ELRAC, Inc., d/b/a Enterprise Rent-A-Car (hereinafter ELRAC), struck the infant plaintiff Mary Davis.

CPLR 503 (a) provides in pertinent part that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced". In this case, the plaintiffs selected Kings County as the place of venue based upon the information contained on the driver's license which Thomas gave to the police at the scene of the accident. There is no evidence in this record, however, that Thomas resided in Kings County approximately one and one-half years later, when the plaintiffs commenced this action. Notably, the address which Thomas provided for the rental agreement with ELRAC, which he signed one day prior to the accident, was in Queens County. Furthermore, a private investigator hired by ELRAC determined that Thomas again gave a Queens County address on his most recent driver's license renewal application which was completed prior to January 1998. Because the choice of venue in the first instance was improper, the plaintiffs have forfeited their right to select the place of venue (*see, Quach v Waldbaums, Inc.*, 202 AD2d 562). The motion to transfer venue to Suffolk County, where ELRAC's principal place of business is located, should have been granted (*see,* CPLR 503 [c]). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.